𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝕿𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
**BEAUFORT DIVISION**

| | |
|---|---|
| Brent Delano Hill, ) | Civil Action No. 9:06-2179-GRA-GCK |
|                        ) | |
| Plaintiff, ) | |
|                        ) | |
| vs.                ) | **REPORT AND RECOMMENDATION** |
|                        ) | **OF THE MAGISTRATE JUDGE** |
|                        ) | |
| Simon Major, Jr., Director of Sumter-Lee ) | |
| Regional Detention Center; Beverly ) | |
| Buchanan, Lieutenant at Sumter-Lee ) | |
| Regional Detention Center; ) | |
| NFN Adams, Sergeant at Sumter-Lee ) | |
| Regional Detention Center; and ) | |
| Nancy McMillan, ) | |
|                        ) | |
| Defendants. ) | |
| _____) | |

## I.   INTRODUCTION

The Plaintiff, Brent Delano Hill ("Plaintiff" or "Hill"), is pre-trial detainee who has been housed in the Sumter-Lee Regional Detention Center ("SLRDC") since June 17, 2005.[1] Plaintiff initially brought this action under the Fourteenth Amendment to the United States Constitution, alleging a due process violation due to an alleged failure by the above-captioned

---

[1]   *See* Defendants' Memorandum in Support of Motion for Summary Judgment [28] at p. 1.  This is the second of three cases the Plaintiff has filed with this court.  *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (The court may take judicial notice of its own files and records.).  The first case, *Hill v. McMillian and Major,* 9:06-00761-GRA-GCK, involved the same defendants as the present case.  The court notes that Plaintiff used the same litigation tactics in that case (including numerous motions, requests for discovery, and allegations of perjury lodged against the defendants) as he used in the present case.

The undersigned also is aware that in January 2007, Plaintiff filed an action against Sergeant Robert Dwyer, alleging a deprivation of due process, cruel and unusual punishment, and mental anguish as a result of having been reassigned to B-pod.  *See Hill v. Dwyer,* 9:07-00196-GRA-GCK.  Sergeant Dwyer is an affiant in this case.

Defendants to provide him with notice and a hearing prior to having his housing reassigned from an open pod to a closed pod on May 30, 2006. In an amended complaint, the Plaintiff claims that the Defendants, *viz.,* Simon Major, Jr., Director of SLRDC, Beverlyn Buchanan, Lieutenant at SLRDC, NFN Adams, Sergeant at SLRDC, and Nancy McMillan, Lieutenant at SLRDC, conspired to keep him in the closed pod.[2] The Plaintiff also claims he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because of his reassignment to a closed pod.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II.  *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[2]  Lt. Buchanan's first name was mis-spelled on the caption by the Plaintiff.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case with the present complaint.

### III.  FACTUAL BACKGROUND

The evidence, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, is set forth below.

Plaintiff contends that he was denied Due Process as secured by the Fourteenth Amendment when he was transferred on May 30, 2006 from the SLRDC's D-pod, which is an open pod to B-Pod, which is a closed pod. Further, Plaintiff contends he was entitled to notice and a hearing prior to his reassignment, and alleges that without such process, his Fourteenth Amendment rights to due process have been violated.

The SLRDC uses two types of pod systems – open and closed –to house inmates.³ In the open pods, inmates are in open cubicles and do not have doors that lock, which allows the inmates in open pods have continuous access to other inmates in the pod.⁴ The SLRDC also has two closed pods, labeled B-pod and C-pod. Maximum security inmates are housed in C-pod, while B-Pod houses inmates on disciplinary detention and those inmates who have demonstrated an inability to being assigned to an open pod.⁵ Inmates who are assigned to B-Pod are allowed the same privileges as open pod inmates, including canteen, visitation and telephone privileges.⁶ While the Plaintiff claims he was placed in administrative segregation, it appears that the Plaintiff was placed in B-pod as a result of an altercation with another detainee.⁷ Plaintiff retained the privileges of detainees who were not on administrative

---

³ *See* Affidavit of Nancy McMillan at ¶ 6, attached as [28-6] to Defendants' Memorandum in support of motion for summary judgment. [28].

⁴ *Id.*

⁵ *Id.* at ¶ 8.

⁶ *Id.* ¶ 9.

⁷ *See* Affidavit of SLRDC Sergeant Robert Dwyer at ¶¶ 3-4, attached at Tab 6 to Defendants' Memorandum in Opposition to Plaintiff's Rules to Show Cause [43]. On May 30, 2006, several detainees in D-pod, including Plaintiff, were involved in an argument. Sergeant Dwyer and Sergeant Adams escorted the arguing detainees to B-pod. *Id.*

segregation.[8]  Significantly, the Plaintiff presently is housed in an open pod.[9]

## IV.  PROCEDURAL BACKGROUND

The Plaintiff commenced this action on July 30, 2006 against the Defendants Simon Major, Jr., Director of Sumter-Lee Regional Detention Center("SLRDC"); Beverly Buchanan, Lieutenant at SLRDC; and NFN Adams, Sergeant at SLRDC, seeking injunctive relief and damages.[10]  On September 27, 2006, an answer was filed on behalf of the Defendants answered, asserting numerous defenses, including Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995.  [6]  With leave of the court, the Plaintiff amended his complaint to add Nancy McMillan, a Lieutenant at SLRDC, as a defendant.  [11]  Answers to the amended complaint were filed on behalf of the Defendants.  [15; 20]  Thereafter, Plaintiff filed a Motion for Discovery.  [21]

On December 4, 2006, the Defendants filed a Motion for Summary Judgment with a supporting memorandum and affidavits.  [28]  On December 7, 2006 the undersigned issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendants' Motion for Summary Judgment.  [30]  Thereafter, the Plaintiff filed Motions for Orders to Show Cause [32 and 33], a Motion to Produce [34], a Motion to Compel [41] and a Motion for Extension of Time to respond to Defendants' motion for summary judgment.

---

[8]     *Id. at* ¶ 12.

[9]     *See* Affidavit of SLRDC Major Maggie Lane at ¶ 8, attached as [28-5] to Defendants' Memorandum.

[10]    Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his Complaint.  [4-1]

[42] Plaintiff filed his response to Defendants' motion for summary judgment on January 18, 2007.  [46]  Accordingly, this case is ripe for review by the undersigned.

## V.  THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

The Defendants' Motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party.  *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "once a plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'"  *Miltier*, 896 F.2d at 852, *quoting Celotex v. Catrett*, 477 U.S. 317, 328 ( 1986) (White J., concurring).

For purposes of evaluating the appropriateness of summary judgment, this court must

construe the facts are set forth in the light most favorable to Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). When, as in the present case, the Defendants are the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendants must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## VI.  DISCUSSION

### A.  Whether the Plaintiff has Exhausted his Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). Thus, the PLRA requires prisoners bringing actions

concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal court.  *See Porter*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  The PLRA provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  In *Porter*, the United States Supreme Court stated that '[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id*.  The Court stressed, as does the statute, that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, *Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case*. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

534 U.S. at 524-525 (emphasis added).  It is clear from the *Porter* and the *Jones* opinions that administrative remedies must be exhausted prior to the filing and pursuit of a Section 1983

action. *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007).

It appears to the court that the Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit and thus this suit must be dismissed. The Plaintiff stated in his complaint that he filed three (3) grievances about the issues raised in his complaint prior to filing suit. Plaintiff listed these grievances as dated June 1, June 10, and June 23, 2006.[11] No copies of these grievances have been provided to the court. Plaintiff further stated he had not received answers to the grievances prior to filing suit.[12]

The court is aware that the SLRDC has in place an Inmate Grievance Policy (Policy #3.5.6), adopted July 1, 2003. It has been in effect during the Plaintiff's confinement at SLRDC.[13] The Defendants have presented evidence that the Plaintiff did not file any grievance related to the allegations of this lawsuit prior to the filing of the complaint on July 30, 2006.[14]

Defendant McMillan reviewed Plaintiff's file for all grievances regarding his assignment to B-pod which were addressed to her. The first grievance is dated August 17, 2006.[15] Likewise, Defendant Buchanan reviewed Plaintiff's file for all grievances filed

---

[11]  *See* Complaint [1] at p. 3.

[12]  *See* Complaint [1] at p. 4.

[13]  The court is aware of this fact because of the Report and Recommendation submitted in the earlier case, *Hill v. McMillian [sic] and Major*, C.A. 9:06-0761-GRA-GCK.

[14]  *See* Affidavit of James Adams [28-3] at ¶ 10; *see also* Affidavit of Beverlyn Buchanan [28-4] at ¶ 7 and Exhibit A attached thereto; *see also* Affidavit of Nancy McMillan [28-6] at ¶¶ 14-16, 18-19 and Exhibit B attached thereto. The Affidavits are attached to Defendants' Memorandum in Support of Motion for Summary Judgment.

[15]  *See* Grievance (Bates # 7239-A-1) attached at Tab 2 of Defendants' Memorandum in Opposition to Plaintiff's Rule to Show Cause [43].

regarding his placement in B-pod which were addressed to her.  The first grievance Plaintiff filed regarding his reassignment to B-pod was dated October 26, 2006.[16]  Plaintiff filed the next grievance regarding his housing on November 17, 2006.[17]

Plaintiff has filed with the court copies of three grievances initially filed with SLRDC. [16]  The court is not certain as to the reasons these copies were filed because each grievance is dated <u>after</u> this suit was commenced, and none of the grievances relate to the claims made in this lawsuit.  [16]  Because there is no evidence, beyond Plaintiff's bald allegation in his complaint, that the Plaintiff submitted any grievance related to this lawsuit <u>prior to</u> filing his complaint, each of the claims alleged in his complaint and amended complaint are barred by the PLRA.[18]  Accordingly, Plaintiff's failure to exhaust the administrative remedies at SLRDC prior to filing this action should warrant dismissal of the Plaintiff's complaint.

---

[16] *See* Affidavit of Beverlyn Buchanan [28-4] at ¶ 8.

[17] *See* Affidavit of Beverlyn Buchanan [28-4] at ¶ 9.

[18] The Plaintiff filed a grievance regarding his assignment in B-pod on November 17, 2006.  *See* Grievance attached to Affidavit of Beverlyn Buchanan [28-4].

**RECOMMENDATION**

Based on the foregoing, it is recommended as follows:  The Plaintiff's action should be dismissed without prejudice; the Defendants' Motion for Summary Judgment **[28] is moot;** the Plaintiff's Motion for Discovery **[21] is moot**,[19] Plaintiff's Motions for Orders to Show Cause **[32 and 33] are moot**; Plaintiff's Motion to Produce **[34] is moot**, Plaintiff's Motion to Compel **[41] is moot**, and Plaintiff's Motion for Extension of Time **[42] is moot**.

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

February 28, 2007

Charleston, South Carolina

---

[19] The Defendants responded to Plaintiff's Motion to Compel on December 4, 2006. [29]

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).