UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brent Delano Hill,<br><br>        Plaintiff,<br><br>  v.<br><br>Simon Major, Jr., Director of Sumter-Lee Regional Detention Center; Beverly Buchanan, Lieutenant at Sumter-Lee Regional Detention Center; NFN Adams, Sergeant at Sumter-Lee Regional Detention Center; and Nancy McMillan,<br><br>        Defendants. | C/A No. 9:06-2179-GRA-GCK<br><br>ORDER<br><br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on March 1, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Defendants filed a motion for summary judgment on December 4, 2006. Plaintiff responded on January 5, 2007. The magistrate recommended that plaintiff's complaint be dismissed without prejudice because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a).

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

1

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on March 12, 2007.

Plaintiff objects that he exhausted his administrative remedies prior to filing this action. The Prison Litigation Reform Act (PLRA) requires the dismissal of a complaint brought by a prisoner with respect to prison conditions until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. *Bowman v. Haynes*, 282 F.Supp.2d 488 (N.D. W.Va. 2003). The PLRA requirement that a prisoner utilize any available prison grievance procedure applies to all inmate suits,

2

whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. *Wilson v. Vannatta*, 291 F.Supp.2d 811 (N.D. Ind. 2003).

Plaintiff has failed to present copies of any grievance filed with the Sumter-Lee Regional Detention Center relating to this issue and dated before his complaint was filed. Instead, plaintiff refers to grievances he filed in another case. This is not sufficient to show that he exhausted his administrative remedies before filing suit.

Plaintiff objects that the magistrate mischaracterized the causes of action listed in his complaint and erroneously stated that plaintiff was not placed in administrative segregation. The Court need not address these objections because they have no effect on whether plaintiff exhausted his administrative remedies.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that plaintiff's complaint be DISMISSED without prejudice.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is MOOT; plaintiff's motion for discovery is MOOT; plaintiff's motions for orders to show cause [32 and 33] are MOOT; plaintiff's motion to produce is MOOT; plaintiff's motion to compel is MOOT; and plaintiff's motion for extension of time is MOOT.

IT IS SO ORDERED.

3

                                                                                                   _/s/ G. Ross Anderson, Jr._

                                                                                               G. ROSS ANDERSON, JR.
                                                                                               UNITED STATES DISTRICT JUDGE

June 1, 2007

Anderson, South Carolina

4

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.